# In the United States Court of Federal Claims

No. 15-1070C

(Filed: August 31, 2017)

```
*****************************************
                                          *
 MWH GLOBAL, INC.,                        *
                                          *
                Plaintiff,                *
                                          *       Motion for Leave to Take
                                          *       Additional    Depositions;
 v.                                       *       RCFC 30(a); RCFC 26(b);
                                          *       Prejudice to Non-Movant.
 THE UNITED STATES,                       *
                                          *
                Defendant.                *
                                          *
*****************************************
```

*Stephen W. Pickert*, with whom was *Anthony R. Kovalcik*, Moye, O'Brien, Pickert & Dillon, LLP, Maitland, Florida, for Plaintiff.

*Joseph A. Pixley*, with whom were *Chad A. Readler*, Acting Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Franklin E. White, Jr.*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., and *Kim J. Sabo*, Of Counsel, U.S. Army Corps of Engineers, Chicago, Illinois for Defendant.

ORDER ON MOTION FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS

WHEELER, Judge.

On September 25, 2015, MWH Global, Inc. ("MWH") brought this action under the Contract Disputes Act challenging the U.S. Army Corps of Engineers' ("USACE") final decision that MWH owes the USACE $11,317,141.76 in damages resulting from an alleged negligent design defect in a water management project in Chicago. Dkt. No. 1. The parties are currently engaged in discovery, which began in May 2016.

Currently before the Court is the Government's motion for leave to take additional depositions beyond the ten allowed under RCFC 30(a)(2)(A)(1). Specifically, the Government wishes to depose "three additional fact witnesses, one of whom is a current or

former MWH employee, who has relevant information as it pertains to damages" and two fact witnesses associated with the construction contractor for the project.  Gov.'s Mot. at 3.  The Government believes it can take these additional depositions by the September 29, 2017 deadline for the completion of fact discovery.  Id. at 4.

"Questions of the scope and conduct of discovery are, of course, committed to the discretion of the trial court." Florsheim Shoe Co. v. United States, 744 F.2d 787, 797 (Fed. Cir. 1984).  However, pursuant to RCFC 26(b)(2) a court should consider whether:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had an ample opportunity . . . to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit . . . .

System Fuels, Inc. v. United States, 73 Fed. Cl. 206, 218 (2006) (quoting RCFC 26(b)(2)). The party seeking discovery must specify "what information it seeks" and explain why "the information sought would not be obtainable from some other source that is more convenient, less burdensome, or less expensive."  Id.  In System Fuels, the Government "[did] not directly address the criteria on which this court must base its decision, leaving this court to glean scattered kernels of pertinent information . . . ."  Id.

As in System Fuels, the Government offers no information in its motion that would allow the Court to evaluate the Rule 26(b)(2) factors.  The Government here merely asks for more depositions and asserts that "there can be no question of any prejudice to MWH by our reasonable request to take additional depositions" without any explanation.  Gov.'s Mot. at 4.  As MWH points out, the Government's motion provides no information from which the Court can reasonably assess the necessity of additional depositions.  Pl.'s Resp. at 1-3.  In its reply, the Government names the individuals it would like to depose and what relevant information it believes the witnesses possess, however the Government still does not address the RCFC 26(b)(2) factors. Gov.'s Reply at 1-3.  The mere fact that individuals have relevant information tells the Court nothing about whether the discovery sought is "unreasonably cumulative", burdensome, or whether the Government had "ample opportunity" to obtain the sought information in another way.  RCFC 26(b)(2).  The Government has not even provided "scattered kernels of pertinent information" for the Court to evaluate.  System Fuels, 73 Fed. Cl. at 218.

Further, as of the filing of its motion, the Government has only taken six depositions, five of which were MWH witnesses and one of which was a former employee for the construction contractor, and are currently scheduling depositions for "four MWH witnesses".  Gov.'s Mot. at 3.  Therefore, in total, the Government seeks to depose ten

MWH witnesses and three witnesses affiliated with the construction contractor.  This is unnecessary and overly cumulative, especially given that five of the ten proposed MWH witnesses have not yet been deposed.  Instead of seeking to expand its allowable discovery, the Government should carefully and efficiently conduct its ten depositions as provided by the Rules of this Court.

Finally, MWH has convinced the Court that it would suffer prejudice if the Court granted the Government's motion.  Initially, the Government stated that it intended to take no more than ten depositions in accordance with RCFC 30.  Dkt. No. 13, at 10.  The Government then waited until July 19, 2017 to begin taking depositions and did not request to depose any MWH witnesses until July 2017.  Pl.'s Resp. at 1-2.  Meanwhile, MWH was taking depositions in accordance with RCFC 30 by "wait[ing] to see what a witness testified to before turning to the next witness."  Id. at 1.  According to MWH, "[h]ad the Government not waited until July 2017 to try to take more depositions than the Rule allowed, MWH would have approached discovery in a much different fashion."  Id.  It is clear that MWH assumed that each party would take only ten depositions and conducted its discovery with that limitation in mind.  Id., Ex. A (email from MWH's counsel to the Government's counsel dated August 17, 2017) ("You have already taken [six] out of the [ten] depositions you get.  Which four of those listed do you wish to take?"); see also Id. ("We do oppose [a motion for leave to take additional depositions] especially since you waited so long to make it known that this would be your intention.").  Therefore, MWH's ability to properly develop its claim would be affected by allowing the Government to take additional depositions this late in discovery.

For these reasons, the Government's motion is DENIED.  Fact discovery shall end on September 29, 2017 and each party is limited to ten depositions.  As is proper procedure in any deposition, the Government will have the opportunity to cross-examine any witness MWH deposes but any cross-examination of a witness not included in the Government's ten allowable depositions is limited to the scope of MWH's direct examination.

IT IS SO ORDERED.

s/ Thomas C. Wheeler  
THOMAS C. WHEELER  
Judge
